**William Bright MARINE, et al., Appellants,**

v.

**George W. BUSH, et al., Appellees.**

**Nos. 01–5177, 01–5180.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 19, 2002.

Before GINSBURG, Chief Judge, and ROGERS and TATEL, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. It is hereby

ORDERED AND ADJUDGED that the district court's order and judgment filed March 30, 2001 be affirmed for the reasons stated in the attached memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Appellants in the two cases consolidated for this appeal brought a total of nine claims against the various defendants. Five of the claims sought declarations that the Panama Canal Treaty and the transfer of the Panama Canal to the Republic of Panama pursuant thereto was illegal, as well as injunctions prohibiting the transfer (the "Canal claims"). Compl. in 01–5180 ¶¶ 18–24, 27–28; Compl. in 01–5177 ¶¶ 59–74. [JA 16–17, 18–19, 153–56] Three of the claims (the "subsidiary claims") used the proposition that the transfer of the Canal was illegal as the premise for alleging that conduct occurring in the Canal Zone violated United States constitutional, antitrust, and employment law. Compl. in 01–5180 ¶¶ 25–26; Compl. in 01–5177 ¶¶ 89–97. [JA 18, 160–62] The ninth claim (the "constitutional claim") sought a declaration that the Panama Canal Act was an unconstitutionally broad delegation of legislative power. Compl. in 01–5177 ¶¶ 75–88. [JA 156–60]

The district court dismissed each of these claims. It dismissed the Canal claims as moot. Mem. Op. in 01–5180 at 8–11; Mem. Op. in 01–5177 at 8–11. [JA 180–83, 194–97] Based upon its finding that the Canal claims were moot, it also dismissed the subsidiary claims as moot. Mem. Op. in 01–5180 at 11–12; Mem. Op. in 01–5177 at 12–13. [JA 183–84, 198–99]

Finally, it found that the plaintiffs had standing to raise the constitutional claim, but ruled against them on the merits. Mem. Op. in 01–5177 at 13–17. [JA 199–203] The plaintiffs appealed the dismissal of all claims except possibly the antitrust claim. As their briefs contain not one word about that claim, however, they have waived any opportunity to have that appeal considered by this court.

For the reasons stated by the district court, we affirm its judgment dismissing the Canal claims. We also affirm the dismissal of the remaining subsidiary claims. We could not grant relief on these claims without finding that United States law applied in the Canal Zone, which would in turn require a finding that Panama did not properly ratify the treaty—a political question beyond the competence of an Article III court. *Doe v. Braden,* 57 U.S. (16 How.) 635, 657, 14 L.Ed. 1090 (1853); *see Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 416, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964).

All that remains is the constitutional claim, as to which the plaintiffs lack standing. The standing inquiry requires us to determine whether the plaintiff has (1) suffered an injury in fact that is (2) fairly traceable to the challenged action of the defendant, and (3) which injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The complaint, however, fails to satisfy the "fairly traceable" requirement because the plaintiffs allege no injury stemming from actions taken by the defendants pursuant to the allegedly unconstitutional delegation of power.